IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS,           ) | |
|     Plaintiff,           ) | |
|                ) | |
| v.           ) | CIVIL ACTION NO. 1:24-00057-KD-N |
|                ) | |
| SYLVIA WOODS,           ) | |
|     Defendant.           ) | |

**ORDER**

This action is before the Court on a complaint filed by Plaintiff Wendy Williams on February 27, 2024. (Doc. 1).[1] However, Williams – who is proceeding without counsel (*pro se*) – did not pay the $405 statutory filing fee[2] for this action or file a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). Accordingly, Williams is **ORDERED** to either: (1) file an IFP motion or (2) pay the statutory filing fee by no later than **March 21, 2024**.

Additionally, Plaintiff's complaint is unclear and will need to be amended before the Court can properly evaluate her claim(s). As it currently stands, Plaintiff alleges that Defendant told various lies about her to various people between 2013 and 2024 and seeks $6 million in damages. (*See* Doc. 1). A reference is also made to "a

---

[1] The District Judge assigned to this case referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/27/2024 elec. ref.).

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court… to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2023, the Judicial Conference prescribes an additional $55 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited, Feb. 29, 2024).

group" of individuals who "tried to make sure that they block all of my asse[t]s to and for different avenues." (*Id.*). Additionally, the complaint includes a vague assertion regarding Defendant's alleged failure to repay Plaintiff for an apartment lease. (*Id.*). These assertions, and the complaint generally, does not comply with Federal Rule of Civil Procedure 8(a) because it does not contain: (1) a short and plain statement of the grounds for the Court's jurisdiction and (2) fails to make a clear, short and plain statement showing Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). It is unclear based on the current pleading what, if any, causes of action are being asserted and against whom those causes of action are being asserted.

Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to certain justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2. Because of this limited jurisdiction, federal courts can typically only hear cases involving federal questions (28 U.S.C. § 1331) or those which satisfy the requirements for diversity jurisdiction (28 U.S.C. § 1332). Plaintiff's complaint does not indicate that this Court has jurisdiction to hear her case, and "if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Travaglio v. Am. Exp. Co.*, 725 F.3d 1266, 1268 (11th Cir. 2013). The undersigned is not presently assured the Court has subject matter jurisdiction over Plaintiff's claim(s) based upon the information included in the complaint.

Accordingly, Plaintiff is further **ORDERED** to file an amended complaint by no later than **March 21, 2024**. In so doing, Plaintiff is advised to consider the relevant

2

information included in the Pro Se Litigant Handbook, the need for this Court to be assured that it has jurisdiction over the case and the General Rules of Pleading set out by Federal Rule of Civil Procedure 8(a).

In light of her *pro se* status, Williams is advised that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders"); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be <u>personally signed</u> and provide a current "address, e-mail address, and telephone number."[3] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this

---

[3] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Finally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

The Clerk is **DIRECTED** to send Williams: (1) a copy of this order, (2) a copy of the Court's form IFP motion, (3) a copy of the Court's form civil complaint[4] and (4) a copy of the Pro Se Litigant Handbook.

**DONE** and **ORDERED** this the 29th day of February 2024.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In drafting her amended complaint, Williams is not required to use this Court's form civil complaint. However, this resource may assist in the proper presentation of her claim(s). Additional resources for *pro se* litigants can be found on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.