IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, )<br>    Plaintiff, )<br> )<br>v. ) CIVIL ACTION NO. 1:24-00057-KD-N<br> )<br>SYLVIA WOODS, )<br>    Defendant. ) | |

## ORDER

This action is before the Court on a motion for extension of time filed by *pro se* Plaintiff Wendy Williams on February 27, 2024. (Doc. 5).[1] While clear enough that Williams seeks an extension of time until June 10, 2024, the motion does not identify what she seeks an extension of time for. (*Id.*). However, On February 29, 2024, Williams was ordered to either pay the $405 statutory filing fee[2] for this action or file a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), by no later than March 21, 2024. (Doc. 2). Given that this is the only deadline set by the Court in this action, the undersigned construes the current motion as seeking an extension of time to either pay the filing fee or file an IFP motion.

So construed, the motion is **GRANTED in part** and **DENIED in part**, in that

---

[1] The District Judge assigned to this case referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/5/2024 elec. ref.).

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court… to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2023, the Judicial Conference prescribes an additional $55 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited, Feb. 29, 2024).

Williams' request for an extension is **GRANTED**, but only for a period of 28 days, as opposed to her request for an extension until June 10, 2024. (*See* Doc. 5).

Accordingly, Williams is **ORDERED** to comply with the directives of the February 29, 2024 order (Doc. 2) and either pay the filing fee for this action or file an IFP motion by no later than **April 30, 2024**.

In light of her *pro se* status, Williams is advised that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders"); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be <u>personally signed</u> and provide a current "address, e-mail address, and telephone number."[3] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or

---

3 "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Finally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

Failure to comply with this directive will result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by 28 U.S.C. § 1914 and/or failure to comply with a court order.[4]

The Clerk is **DIRECTED** to send Williams: (1) a copy of this order, (2) a copy of the Court's order dated February 29, 2024 (Doc. 2), and (3) a copy of this Court's form IFP motion.

**DONE** and **ORDERED** this the 2nd day of April 2024.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).