IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:24-00057-KD-N |
| ) | |
| SYLVIA WOODS, ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Wendy Williams, who is proceeding without counsel (*pro se*), initiated the above-styled action with a complaint filed February 27, 2024. (Doc. 1).[1] The operative complaint is Williams's amended complaint, filed March 4, 2024 at the Court's direction. (Doc. 3; *see* Doc. 2). Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** the above-styled civil action be **DISMISSED without prejudice**.

*I.   Background*

As stated above, Williams initiated this action with a complaint filed February 27, 2024. (Doc. 1). Upon review of that filing, the undersigned noted Williams did not pay the $405 statutory filing fee[2] or file a motion to proceed without prepayment of

---

[1] The District Judge assigned to this case referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/27/2024 elec. ref.).

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court… to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2023, the Judicial Conference prescribes an additional $55 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited, Feb. 29, 2024).

1

fees, or *in forma pauperis* ("IFP"), and pointed out various deficiencies with her complaint – primarily its seeming failure to invoke this Court's subject matter jurisdiction. (Doc. 2). On February 29, 2024, the undersigned directed Williams to either pay the statutory filing fee or file an IFP motion and to file an amended complaint by no later than March 21, 2024. (Doc. 2).[3]

On March 4, 2024, Williams timely filed an amended complaint as instructed, which is the operative pleading in this action. (Doc. 3).[4] On March 18, 2024, she also filed two exhibits. (Doc. 4). On March 25, 2024 – four days after her deadline to remit the statutory filing fee or file an IFP motion – Williams filed a motion which the undersigned construed as one seeking an extension of time to pay the filing fee or file an IFP motion. (*See* Doc. 6). So construed, her motion was granted, and the deadline for her to pay the filing fee or file and IFP motion was extended until April 30, 2024. (*Id.*).[5] Sent to Williams alongside that order was a second copy of the Court's form IFP motion. (*Id.*).

To date, the Court has not received a filing fee from Williams, nor has she filed a completed IFP motion. However, several other filings have been received. (*See* Docs.

---

3 Copies of this Court's Pro Se Litigant Handbook, form IFP motion, and form civil complaint were sent to Williams alongside this order. (*See* Doc. 2).

4 Williams has filed four additional and unsolicited "Amended Complaints." (Docs. 7. 9, 10, 12). However, none of these amendments are effective because the provisions of Fed. R. Civ. P. 15(a)(1) do not apply, written consent of the opposing party has not been given, and they were filed without the Court's leave. *See* Fed. R. Civ. P. 15(a)(2) (stating leave of Court is needed to amend a pleading "in all other cases").

5 The undersigned warned Williams in this order that "[f]ailure to comply with this directive will result in entry of a recommendation to the Court that this action be dismissed with prejudice *sua sponte* for failure to pay the filing fee required by 28 U.S.C. § 1914 and/or failure to comply with a court order." (Doc. 6, PageID.22) (footnote omitted).

2

7 to 19).[6] Only one references either a filing fee or an IFP motion, which an April 15, 2024 filing. (Doc. 8). That filing appears to be a copy of this Court's form IFP motion bearing a notation "will pay fees." (*Id*.). However, no such fees have yet been remitted.

## II.   *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute and/or failure to comply with court orders under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Williams has failed to pay the statutory filing fee or file an IFP motion despite being instructed to do so on two occasions, being provided with the IFP form twice and being warned that non-compliance could result in the dismissal of her case. (Doc. 6). Moreover, she has indicated that she is aware the filing fee must be paid (*see* Doc. 8) yet has filed several items with the Court despite that knowledge and lack of payment or the filing of an IFP motion.

Additionally, the undersigned notes this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (citation omitted). *See id*. at 1073 ("Federal courts have both the inherent power and the

---

6 Williams's most recent filing is labeled a "Motion Regarding Perjury Committed." (Doc. 19). To the extent this filing can be properly considered as a motion in the current posture, the undersigned would recommend that it be construed as one seeking an imposition of sanctions under Fed. R. Civ. P. 11 and be denied for failing to describe conduct that could be reasonably subject Defendant to sanction.

3

constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Every document filed with the Court "requires some portion of the institution's limited resources," *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992), and Williams's continual filing of items (without ever paying a filing fee or filing a proper IFP motion), as well as her disregard of Court directives, has started to encroach upon the Court's finite resources at the expense of other litigants appearing before it.

Upon consideration of these facts, the record and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to pay the filing fee required by 28 U.S.C. § 1914, for failing to comply with Court directives and for failure to prosecute this action, under both Fed. R. Civ. P. 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *See also*, n.2 (discussing dismissal for failure to pay the filing fee after IFP denial).

### III. Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, non-

compliance with Court directives and failure to timely pay the statutory filing fee.

The Clerk is **DIRECTED** to send Williams a copy of this Report and Recommendation to the address on record.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of July 2024.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**